## Case No. 2,046.

### BRUCE v. The AMERICA.

[Newb. 195;[1] 35 Hunt, Mer. Mag. 454.]

District Court, N. D. Ohio. April Term, 1856.

SHIPPING—LIENS — SEAMEN'S WAGES — SUPPLIES AND REPAIRS—TO WHAT ATTACHES—PRIORITIES.

1. The maritime lien of seamen for their wages, and material men for supplies and repairs, is a species of proprietary interest in the ship or vessel itself, and which, except on payment, cannot be divested by the acts of the owner or by any casualty.

2. Such lien adheres to the ship and all its parts, wherever found, and whoever may be the owner. It attaches to the parts of a dismantled vessel the same as to a ship or vessel in integra.

[Cited in Collins v. The Fort Wayne, Case No. 3,012.]

3. Wherever there is a maritime lien it may be enforced in the admiralty by a proceeding in rem. And when the parts of a wrecked vessel are saved by the owners and not by sailors, the court, in marshaling the liens and disposing of the proceeds of the sale of the property, will order payment in discharge of the liens, 1st, to seamen; 2d, to material men.

[In admiralty. Libel in rem by Elijah K. Bruce against the tackle, apparel, and furniture of the steamboat America for materials furnished. Decree for libelant.]

The case was heard upon the following statement of facts: It is agreed that Bruce, the libelant, is a citizen and resident of the state of New York: that the steamboat America was owned and enrolled in the state of Ohio at the time when the debt for materials sued for was contracted, and at the time she was lost off Point au Pelee, on Lake Erie: that said debt is unpaid and would be a good and valid claim against the steamboat America, were she still navigating the lakes: that some time in November, 1854, said steamboat was sunk off Point au Pelee, in Lake Erie, and after vain endeavors to raise her, was dismantled by her owners, and such of her rigging, apparel, furniture, machinery, &c., as could be removed, was taken from her; and for the purpose of getting the iron, which composed her in part, she was burned to the water's edge: that such of the apparel, rigging, furniture, machinery and iron, as had been thus saved, was brought to Cleveland and seized by the marshal, in this suit. It is admitted that the steamboat America, as a water craft, is wholly abandoned.

Backus & Noble, for libelant.

The liens of material men and seamen, were equal and of the same nature and effect on the water craft, except the right of priority of the seamen in marshaling the liens. The Mary Ann [Case No. 9,195]; The Jerusalem [Id. 7,294]; Conk. Adm. 14, 52, 60; Abb. Shipp. 179, 292; Bee, 78 [North v. The Eagle, Case No. 10,309]; [The General Smith] 4 Wheat. [17 U. S.] 438; [The St. Jago de Cuba] 9 Wheat. [22 U. S.] 409; 3 Kent, Comm. 168; 1 Paine, 620 [The Robert Fulton, Case No. 11,890]; 2 Paine, 131 [The Wave v. The Hyer, Case No. 17,300]; Gilp. 1, 184 [Phillips v. The Thomas Scattergood, Case No. 11,106; Brackett v. The Hercules, Id. 1,762]; and rules 8, 12, and 13 of the admiralty practice.

Spalding & Parsons, for claimant.

The lien of material men becomes extinct when the vessel is wrecked or derelict. The rule of maritime law, that the "mariner's lien attaches and adheres to the last plank of the ship," should not apply to the liens of material men. 1 Hagg. Adm. 227; Abb. Shipp. 754; The Elizabeth and Jane [Case No. 4,356]; The Eastern Star [Id. 4,254]; The Dawn [Id. 3,666]; The Louisa [Id. 10,652]; and rule 12 of the admiralty practice.

Before WILLSON, District Judge.

NOTE [from original report by Mr. Newberry]. "I have not been able to obtain the opinion of the judge in full; so I am obliged to content myself with the syllabus of the case."

[1] [Reported by John S. Newberry, Esq.]

